UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MACHELLE COLLINS,<br>Plaintiff, | Case No. 1:18-cv-268<br>Black, J.<br>Litkovitz, M.J. |
| vs. | |
| COMMISSIONER OF SOCIAL<br>SECURITY,<br>Defendant. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff Machelle Collins, proceeding pro se, brings this action seeking to recover Social Security benefits to which she is allegedly entitled. This matter is before the Court on the Commissioner's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction based on plaintiff's failure to exhaust her administrative remedies (Doc. 11) and plaintiff's memorandum in opposition (Doc. 13).

**I. Introduction**

Plaintiff filed her pro se form complaint in this matter on April 16, 2018, alleging that she "complains of a decision which adversely affects [her] in whole or in part." (Doc. 3 at 1). Attached to the complaint are copies of a letter to United States Senator Sherrod Brown and a Social Security Form SSA-561-U2 Request for Reconsideration. (Doc. 3 at 2, 3). The Request for Reconsideration, dated December 8, 2016, alleges that plaintiff does not agree with the Social Security Administration's decision and requests reconsideration based on the following: "During my childhood I was gainfully eligible for Social Security benefits, however no one signed me up for them and I lacked the knowledge to sign myself up." (Doc. 3 at 3). In her letter to Senator Brown, plaintiff states, "[I]n October 2016 I was denied survivor benefits on my

deceased father['s] record, however in December of 2016 I appealed ever since then I haven't received any information concerning the appeal. . . ." (Doc. 3 at 2). Plaintiff explains that she has tried to find out the status of the appeal, but the Social Security office did not seem to know anything about it. (*Id.*). Plaintiff also states, "It seems as though the appeal never existed." Plaintiff believes she is entitled to survivor benefits. (*Id.*).

The Commissioner asserts that plaintiff has not exhausted her administrative remedies as is required to obtain judicial review in the district court under 42 U.S.C. § 405(g).[1] (Doc. 11). The Commissioner therefore contends that this Court lacks subject matter jurisdiction over plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1).

**III. The complaint against the Commissioner should not be dismissed under Rule 12(b)(1).**

**A. Rule 12(b)(1) standard**

There are generally two types of motions challenging subject matter jurisdiction under Rule 12(b)(1). *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004) (citations omitted). A Rule 12(b)(1) motion can attack a party's claim of jurisdiction on its face or the motion can attack the factual basis for a claim of jurisdiction. *Id.* A facial attack questions the sufficiency of the pleading. *Campbell v. Miller*, 835 F. Supp.2d 458, 463 (S.D. Ohio 2011) (citing *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320 (6th Cir. 1990)). When reviewing this type of challenge to the court's jurisdiction, the court must take the allegations in the complaint as true and construe the complaint in a light most favorable to the non-moving party. *Id.* (citing *United States v. A.D. Roe Co., Inc.*, 186 F.3d 717, 721-22 (6th Cir. 1999)).

---

[1] Section 405(g) provides: "Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision. . . ." 42 U.S.C. § 405(g).

2

When a factual challenge is made under Rule 12(b)(1), the court considers evidence to determine if jurisdiction exists. *Campbell*, 835 F. Supp.2d at 463-64 (citing *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003)). The trial court must weigh the conflicting evidence to make this determination. *Id.* (citing *Gentek Bldg. Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)). When a factual attack is made, the non-moving party bears the burden of proving that jurisdiction exists. *Id.* (citing *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005)). In such a case, there is no presumption of truthfulness on behalf of the non-moving party. *Id.* (citing *A.D. Roe Co., Inc.*, 186 F.3d at 722).

The Commissioner's challenge to the Court's subject matter jurisdiction in this case is properly construed as a factual attack. The Commissioner has submitted evidence to show that plaintiff failed to proceed through all steps of the administrative claims process before filing suit. The Court must therefore consider the evidence to determine whether it has jurisdiction over plaintiff's claim for benefits.

### B. The claims review process

The administration of disputed Social Security benefits claims is governed by a four-step process. *Willis v. Sullivan*, 931 F.2d 390, 397 (6th Cir. 1991). The first step is an initial determination. *Id.* If dissatisfied with the result, the claimant may proceed to the second step by requesting a *de novo* reconsideration of that determination. *Id.* If the claimant is dissatisfied after completion of the second step, she may request an evidentiary hearing and a *de novo* review before an administrative law judge (ALJ). *Id.* The fourth step is an appeal to the Appeals Council. *Id.* The claimant may then seek judicial review in federal district court. *Id.* (citing 42 U.S.C. § 405(g); *Heckler v. Day*, 467 U.S. 104, 106-07 (1984)).

Judicial review of Social Security claims is governed by 42 U.S.C. § 405(g), which grants the district court subject matter jurisdiction over a "final decision" of the Commissioner. *Maguire v. Comm'r of Soc. Sec.*, No. 3:07-cv-178, 2009 WL 863759, at *6 (S.D. Ohio Mar. 30, 2009). *See also McClanahan v. Commissioner of Social Security,* 474 F.3d 830, 832-33 (6th Cir. 2006). The Supreme Court has identified three requirements for judicial review pursuant to § 405(g): "(1) a final decision of the Secretary made after a hearing; (2) commencement of a civil action within 60 days after the mailing of notice of such decision (or within such further time as the Secretary may allow); and (3) filing of the action in an appropriate district court. . . ." *Ahghazali v. Sec'y of Health & Human Servs.*, 867 F.2d 921, 924-26 (6th Cir. 1989) (quoting *Weinberger v. Salfi,* 422 U.S. 749, 763-64 (1975)). For purposes of § 405(g), a decision on a claim becomes a "final decision" after the Appeals Council renders its decision. *Willis,* 931 F.2d at 397.

The exercise of general federal question jurisdiction over Social Security appeals is generally prohibited. 42 U.S.C. § 405(h). An exception lies where a constitutional challenge is raised in conjunction with a Social Security appeal. *Morrison v. Sebelius*, No. 2:11-cv-1002, 2013 WL 3288167, at *3 (S.D. Ohio June 28, 2013) (citing *Califano v. Sanders,* 430 U.S. 99, 109 (1977) ("Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions."); *Hilmes v. Secretary of Health and Human Services,* 983 F.2d 67, 70 (6th Cir. 1993)). In such a case, jurisdiction may attach outside the scope of § 405(g), despite 42 U.S.C. § 405(h)'s prohibition against the exercise of general federal question jurisdiction over Social Security appeals. *Id.* (citing *Harper v. Sec'y of Health & Human Servs.,* 978 F.2d 260, 262-63 (6th Cir. 1992) (citing *Sanders,* 430 U.S. at 107-09)). The plaintiff "must make a colorable

4

constitutional claim to establish subject matter jurisdiction" in the absence of a final decision. *Id.* (citing *Glazer v. Comm'r of Soc. Sec.,* 92 F. App'x 312, 314 (6th Cir. 2004) (citing *Cottrell v. Sullivan,* 987 F.2d 342, 345 (6th Cir. 1992)).

The Sixth Circuit has assumed that an applicant for Social Security disability benefits has a property interest in those benefits that is protected by the Fifth Amendment. *Ferriell v. Comm'r of Soc. Sec.,* 614 F.3d 611, 620 (6th Cir. 2010) (citing *Flatford v. Chater,* 93 F.3d 1296, 1304-05 (6th Cir. 1996); *Richardson v. Perales,* 402 U.S. 389, 401-02 (1971) (assuming procedural due process protections apply to a Social Security disability claim hearing)). "At a minimum, the Due Process Clause requires that an individual is afforded notice and an opportunity to be heard before the deprivation of a protected interest through adjudication." *Id.* (citing *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 313 (1950)).

**C. The parties' positions and evidence of record**

The Commissioner asserts that plaintiff has not exhausted her administrative remedies by obtaining a "final decision" by the Commissioner as required to obtain judicial review in the federal district court under § 405(g). (Doc. 11). The Commissioner presents evidence that plaintiff applied for disability benefits under Titles II and XVI on May 19, 2009. Plaintiff's application was granted at the initial level, and plaintiff was found to be disabled as of January 18, 2008. (Doc. 11, Ex. A, Declaration of Cristina Prelle, Acting Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration and Exs. 6 and 7 thereto).

Thereafter, on December 12, 2011, plaintiff filed an initial application for Child's Insurance Benefits (Survivor Claim). (Doc. 11, Ex. B, Declaration of Ayshin Yuksel, Retirement and Survivors Insurance Program Specialist, Region V- Chicago Center for

Disability, Integrity and Program Support, Social Security Administration and Ex. 1 thereto).

Ms. Yuksel's declaration states:

> Machelle Renee Collins filed an application for Disabled Adult Child's (DAC)[2] benefits on December 12, 2011, alleging disability beginning January 1, 1999 (Exhibit 1).
>
> On December 12, 2011, the Agency denied the claimant's application and determined she did not meet the requirements for disability benefits. A notice of denial was not issued to the claimant. The claimant was verbally informed of the technical denial at the SSA local Field Office 387. The claimant did not request a Reconsideration on the denied claim.
>
> On October 18, 2016, the claimant filed a subsequent initial DAC claim alleging disability beginning January 8, 2008 (Exhibit 2).
>
> On October 18, 2016, the Agency denied the claimant's subsequent DAC claim and determined she did not meet the requirements for disability benefits. A notice of denial was not issued to the claimant. The claimant was verbally informed of the technical denial at the SSA local Field Office 387. The claimant did not request a Reconsideration on the denied claim.

(Doc. 11, Ex. B, ¶ 5(b), (c), (d)). The Commissioner argues that plaintiff has not completed the administrative appeals process or received a "final decision" on her claim for Child's Insurance Benefits (Survivor's Claim) and, therefore, the Court lacks subject matter jurisdiction over plaintiff's complaint.[3]

In response, plaintiff does not present any additional documentation or argument. Plaintiff requests that the Court "take jurisdiction" over her claims. (Doc. 13). However, the Court notes that the attachments to plaintiff's complaint suggest that she filed for reconsideration of the October 2016 initial denial decision. (Doc. 1 at 2-3).

---

[2] The Commissioner appears to use the term Child's Insurance Benefits (Survivor Claim) and Disabled Adult Child's (DAC) interchangeably.
[3] Given the attachments to plaintiff's pro se complaint, the Court finds it clear that plaintiff appeals the denial of Child's Insurance Benefits and not any other benefits for which she has previously filed applications for benefits.

**D. Plaintiff states a colorable due process claim over which the Court has subject matter jurisdiction.**

The Court finds that plaintiff's complaint for recovery of Child's Insurance Benefits should not be dismissed at this juncture based on the Commissioner's assertion that plaintiff failed to exhaust her administrative remedies. There is no evidence that plaintiff completed the last three steps of the administrative review process in connection with her December 12, 2011 application for Child's Insurance Benefits. Nor does it appear that plaintiff completed the last two steps of the administrative review process in connection with her October 18, 2016 application for Child's Insurance Benefits for which she alleges she requested reconsideration. Therefore, the Court does not have jurisdiction over the denial of any "final decision" of the Commissioner under 42 U.S.C. § 405(g).

However, plaintiff alleges facts to show that a violation of her due process rights may have occurred in connection with the processing of her December 2011 and October 2016 applications for Child's Insurance Benefits. The Commissioner's evidence shows that plaintiff was not given written notice of the denial of her December 2011 and October 2016 Child's Insurance Benefits applications. Instead, she "was verbally informed of the technical denial" at the local Social Security Field Office. (Doc. 11, Ex. B). The failure to provide plaintiff with notice, in writing, of the Commissioner's initial denial decision and of plaintiff's appeal rights raises a colorable due process claim.[4] *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (due process requires claimant receive meaningful notice and opportunity to be heard before claim for disability benefits may be denied). In addition, it appears from the attachments to plaintiff's pro se complaint that, contrary to the Commissioner's evidence, plaintiff requested reconsideration

---

[4] In addition, the Court notes that plaintiff was granted disability benefits effective January 2008 based on her mental impairments, which may impact the sufficiency of the notice in this case. (Doc. 11, Ex. A and Exs. 6 and 7).

7

of the October 2016 denial of her application for Child's Insurance Benefits and failed to receive a decision on her request for reconsideration. (Doc. 3 at 2-3). Although plaintiff did not expressly allege a due process violation in her complaint, liberally construing the pro se complaint and attachments thereto, plaintiff does allege she failed to receive notice that her October 2016 claim had been denied on reconsideration, which presents a colorable constitutional claim. *See Pudlowski v. Comm'r of Soc. Sec.*, No. 5:14-cv-1529, 2015 WL 13730932, at *5 (N.D. Ohio Nov. 19, 2015) (report and recommendation), *adopted sub nom. Pudlowski v. Colvin*, 2016 WL 47828 (N.D. Ohio Jan. 5, 2016). Moreover, the Social Security Administration's own regulations require written notice to claimants of initial determinations[5] and reconsideration decisions.[6] At this juncture, plaintiff has therefore stated a colorable claim for violation of her due process rights in connection with her claim for Child's Insurance Benefits which would vest the district court with subject matter jurisdiction over the complaint. *See Morrison*, 2013 WL 3288167, at *3 (citing *Glazer*, 92 F. App'x at 314) (citing *Cottrell*, 987 F.2d at 345).

### E. This case should proceed against the Commissioner.

There is no dispute that plaintiff did not obtain a "final decision" on her Child's Insurance Benefits claims for purposes of judicial review under 42 U.S.C. § 405(g).

---

[5] 20 C.F.R. § 404.904 provides:

> We will mail a written notice of our initial determination to you at your last known address. The written notice will explain in simple and clear language what we have determined and the reasons for and the effect of our determination. If our determination involves a determination of disability that is in whole or in part unfavorable to you, our written notice also will contain in understandable language a statement of the case setting forth the evidence on which our determination is based. The notice also will inform you of your right to reconsideration. . . .

[6] "We shall mail a written notice of the reconsidered determination to the parties at their last known address. We shall state the specific reasons for the determination and tell you and any other parties of the right to a hearing." 20 C.F.R. § 404.922.

Nonetheless, plaintiff has presented a colorable constitutional claim that the Commissioner violated her due process rights in connection with the processing of her claims for benefits. Because plaintiff has stated a colorable claim for violation of her due process rights over which this Court has subject matter jurisdiction, dismissal of plaintiff's complaint against the Commissioner pursuant to Rule 12(b)(1) based on plaintiff's failure to exhaust his administrative remedies is not warranted.

It is therefore **RECOMMENDED** that the Commissioner's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. 11) be **DENIED**.

Date: 10/31/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MACHELLE COLLINS,
Plaintiff,

vs.

COMMISSIONER OF SOCIAL
SECURITY,
Defendant.

Case No. 1:18-cv-268
Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).