# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| MACHELLE COLLINS,<br>　　Plaintiff, | Case No. 1:18-cv-268<br>Black, J.<br>Litkovitz, M.J. |
| vs. | |
| COMMISSIONER OF<br>SOCIAL SECURITY,<br>　　Defendant. | **REPORT AND<br>RECOMMENDATION** |

On April 20, 2020, the undersigned issued a Report and Recommendation to the district judge recommending that the Court grant the Commissioner's motion to enter an order and judgment reversing the final decision of the Commissioner of Social Security, pursuant to the fourth sentence of 42 U.S.C. § 405(g), with remand to the Commissioner for further administrative proceedings. (Doc. 21). The undersigned recommended that on remand, the Appeals Council will take the necessary action to provide Ms. Collins with written notice of the decisions made on her Title II applications for Child Insurance Benefits (Survivor's Claim) filed on December 12, 2011 and October 18, 2016 (*Id.*), thereby allowing Ms. Collins to pursue her administrative remedies on her claims for benefits. Ms. Collins was advised that she had 14 days to file objections to the Report and Recommendation. (Doc. 21 at 3). Ms. Collins failed to file any objections, and on June 16, 2020, the district judge adopted the Report and Recommendation and entered judgment in this case. (Docs. 23, 24). Three months later, Ms. Collins filed a motion opposing the remand and her opposition to the motion to remand. (Docs. 25, 26). For the reasons that follow, Ms. Collins's motion should be denied.

Ms. Collins's motion opposing the motion to remand was filed after the entry of judgment against her. Therefore, the Court liberally construes Ms. Collins's pro se motion as a

request to alter or amend the judgment under Fed. R. Civ. P. 59 and/or motion for relief from judgment under Fed. R. Civ. P. 60.

First, any request to alter or amend the judgment under Rule 59 is untimely. Pursuant to Fed. R. Civ. P. 59(e), a motion to alter or amend a judgment must be filed within 28 days after entry of the judgment. Judgment was entered in this case on June 16, 2020. (Doc. 5). Ms. Collins' motion was filed three months after this deadline expired. Therefore, the motion to alter or amend the judgment should be denied as untimely.

Second, Ms. Collins has not shown that relief from judgment pursuant to Fed. R. Civ. P. 60(b) is warranted. Rule 60(b) provides, in relevant part, for relief from a judgment "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Rule 60(b)(6) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Hopper v. Euclid Manor Nursing Home*, 867 F.2d 291, 294 (6th Cir.1989). *See also Fuller v. Quire*, 916 F.2d 358, 360 (6th Cir. 1990).

Ms. Collins has not addressed any of the six reasons set forth in Rule 60(b) to justify relief from judgment in this case. Nor has she alleged any facts which suggest that relief from judgment is warranted in this case. Therefore, it is recommended that relief from judgment in

2

this case be denied.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Ms. Collins's motion opposing the remand (Doc. 25) be DENIED.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Ms. Collins leave to appeal *in forma pauperis*. Ms. Collins remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 11/20/2020

Karen L. Litkovitz, Magistrate Judge
United States District Court

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| MACHELLE COLLINS,<br>　　Plaintiff, | Case No. 1:18-cv-268<br>Black, J.<br>Litkovitz, M.J. |
| vs. | |
| COMMISSIONER OF<br>SOCIAL SECURITY,<br>　　Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).