UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MACHELLE COLLINS,  
    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,  
    Defendant.

Case No. 1:18-cv-268  
Black, J.  
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiff's motions to reopen the case. (Docs. 31, 32). On April 20, 2020, the undersigned issued a Report and Recommendation to the District Judge recommending that the Court grant the Commissioner's motion to enter an order and judgment reversing the final decision of the Commissioner of Social Security, pursuant to the fourth sentence of 42 U.S.C. § 405(g), with remand to the Commissioner for further administrative proceedings. (Doc. 21). Plaintiff was advised that she had 14 days to file objections to the Report and Recommendation. (*Id*. at PAGEID 127). Plaintiff failed to file any objections, and on June 16, 2020, the District Judge adopted the Report and Recommendation and entered judgment in this case. (Docs. 23, 24). Three months later, plaintiff filed a motion opposing the remand and her opposition to the motion to remand. (Docs. 25, 26).

On November 20, 2020, the undersigned issued a Report and Recommendation to the District Judge recommending that the Court deny plaintiff's motion opposing the remand. (Doc. 27). Construing plaintiff's motion as a request to alter or amend the judgment under Fed. R. Civ. P. 59 and/or motion for relief from judgment under Fed. R. Civ. P. 60, the undersigned stated that plaintiff's request to alter or amend the judgment under Rule 59 was untimely because it was not filed within 28 days after entry of the judgment pursuant to Fed. R. Civ. P. 59(e). (*Id*. at PAGEID 143). Moreover, plaintiff failed to show that relief from judgment pursuant to Fed. R.

Civ. P. 60(b) was warranted. (*Id.*). The District Judge adopted the undersigned's Report and Recommendation on May 3, 2021. (Doc. 29).

On July 21, 2021, plaintiff filed a motion to reopen the case. (Doc. 31). Plaintiff's motion, in its entirety, provides:

> Commissioner Andrew Saul was fired in good faith he constantly remanded my case for SSDI. Now I want my case open and yes I do oppose his remand. His blind sightedness toward SSDI concerning my case caused my SSDI benefits to be dismissed. My transcript is on file which is evident that I meet the requirements for SSDI, we have a new commissioner with a new administration that cares about my SSDI case. Please keep my case open so that benefits that I'm entitled to can be applied to my SSDI benefits.

(*Id.*). On October 12, 2021, plaintiff filed a second motion to reopen the case where she contends her case should be reopened for SSDI benefits. (Doc. 32). Plaintiff specifically argues:

> First of all the intrested (sic) party in this case fought against me, the attorney took no intrest (sic) or mention of my mental health history. The attorney did'nt (sic) make any effort to represent or stand for my rights. Therefore please reopen my case for SSDI Benifits (sic). No one sent letters to me informing me about my case.

(*Id.*). As best the Court can discern, it appears that plaintiff opposes the remand of her case and requests that her case remain open. (Docs. 31, 32). For the reasons that follow, plaintiff's motions should be denied.

Plaintiff's motions opposing the motion to remand were filed after the entry of judgment against her. Therefore, the Court liberally construes plaintiff's pro se motions as a request to alter or amend the judgment under Fed. R. Civ. P. 59 and/or motion for relief from judgment under Fed. R. Civ. P. 60.

First, any request to alter or amend the judgment under Rule 59 is untimely. Pursuant to Fed. R. Civ. P. 59(e), a motion to alter or amend a judgment must be filed within 28 days after entry of the judgment. As this Court previously explained (Doc. 27), judgment was entered in

2

this case on June 16, 2020. (Doc. 5). Plaintiff's motions were filed after the deadline had expired. Therefore, plaintiff's motions to alter or amend the judgment should be denied as untimely.

Second, plaintiff has not shown that relief from judgment pursuant to Fed. R. Civ. P. 60(b) is warranted. Rule 60(b) provides, in relevant part, for relief from a judgment "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). It is well-established that Rule 60(b)(6) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Hopper v. Euclid Manor Nursing Home*, 867 F.2d 291, 294 (6th Cir. 1989). *See also Fuller v. Quire*, 916 F.2d 358, 360 (6th Cir. 1990).

Plaintiff has not addressed any of the six reasons set forth in Rule 60(b) to justify relief from judgment in this case. Nor has she alleged any facts which suggest that relief from judgment is warranted in this case. Therefore, it is recommended that relief from judgment in this case be denied.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's motions to reopen the case (Docs. 31, 32) be **DENIED**.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an

appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 10/18/2021

Karen L. Litkovitz
Chief United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| MACHELLE COLLINS,<br>  Plaintiff, | Case No. 1:18-cv-268<br>Black, J.<br>Litkovitz, M.J. |
| vs. | |
| COMMISSIONER OF<br>SOCIAL SECURITY,<br>  Defendant. | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).